# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES ROBERTS, #Y29223, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–2112−SMY |
| | ) | |
| KEVIN KINK, | ) | |
| ASSISTANT WARDEN GOINS, | ) | |
| BROOKHART, | ) | |
| LORIE CUNNINGHAM, | ) | |
| DR. ARMAD, | ) | |
| JOHN DOE 1, | ) | |
| JOHN DOE 2 | ) | |
| and JOHN DOE 3 | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint[1] (Doc. 4) filed by Plaintiff James Roberts, a diabetic inmate of the Illinois Department of Corrections ("IDOC") who claims he was denied necessary medical care and reasonable accommodations at Lawrence Correctional Center ("Lawrence"). Plaintiff brings this action *pro se* pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 794-94e. (Doc. 4, pp. 1-105). He seeks money damages and permanent injunctive relief. (Doc. 4, p. 11).

---

[1] Plaintiff filed his original Complaint (Doc. 1) in this case on November 21, 2018. Before it was screened, he filed another Complaint against the same defendants on December 10, 2018. *See Roberts v. Kink, et al.*, Case No. 18-cv-02158-SMY (S.D. Ill. 2018) (second case). The second case was administratively closed on December 27, 2018, after Plaintiff informed the Court of his intention to replace the original Complaint in this case with the First Amended Complaint rather than open a new case. The First Amended Complaint supersedes and replaces the original Complaint and renders it void. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).

1

The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint: Plaintiff is a 70-year-old diabetic inmate who is wheelchair-bound due to a left leg amputation. (Doc. 4, pp. 6-10, 15-105). He has a significant medical history that includes vision loss, hearing impairment, cancer, partial gastrectomy, bypass surgery and blood clots. To manage his health, Plaintiff relies on prescription medication, including insulin and warfarin.[2] However, he has not received the correct dosage at Lawrence. Meanwhile, he has been provided a diet that is high in sugar, resulting in bouts of "stroke level" blood sugar. He faces an increased risk of blood clots, which necessitates the use of a special bed, mattress, antiembolism stockings, and bandages. Plaintiff's medication causes nausea, stomach upset, and stool incontinence, requiring additional access to showers, laundry, and clothing. Plaintiff's requests for medical permits authorizing slow eating, a special diet, additional showers, laundry access, and new clothing have been denied by John Doe 1 (nursing director), John Doe 2 (nurse practitioner), Lorie Cunningham (health care unit administrator), Doctor Armad, Warden Brookhart, Warden Goins, and Warden Kink.

---

[2] Warfarin is a prescription blood thinner used to prevent blood clots from forming in the blood and blood vessels. *See* https://medlineplus.gov/druginfo/meds/a682277.html (last visited Jan. 29, 2019).

2

Plaintiff owned prescription eyeglasses, diabetic shoes, medical socks and antiembolism stockings at the time he transferred from Stateville to Lawrence on June 14, 2018. However, he was required to sign for these items at Lawrence and unknowingly authorized the disposal of his property when he signed forms without his eyeglasses.[3] Plaintiff requested replacement medical supplies and was instructed to file a grievance. He filed almost four dozen grievances between June and September 2018. John Doe 3 (grievance officer) and Warden Kink disregarded them.

Plaintiff claims that he is a qualified individual with a disability under the ADA and Rehabilitation Act, but has been denied accommodations and necessary medical care at Lawrence. He seeks money damages and permanent injunctive relief,[4] in the form of a hospital bed, mattress, antiembolism stockings, hearing aid, eyeglasses, physical therapy, and medication.

## Discussion

Based on the allegations in the First Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

> **Count 1:** ADA and/or Rehabilitation Act claim against Defendants for failing to meet Plaintiff's disability-related needs, by timely issuing him permits for slow eating, additional showers, additional laundry/clothing, diabetic shoes, a special mattress, and medical supplies at Lawrence.
>
> **Count 2:** Eighth Amendment claim against Defendants for denying Plaintiff medical care, medication, and permits for his serious medical conditions.
>
> **Count 3:** Fourteenth Amendment claim against Defendants for depriving Plaintiff of his personal property at Lawrence without due process of law.

---

[3] Plaintiff claims that he never received the following personal property: 1 pair of diabetic shoes, 1 pair of prescription eyeglasses, 11 of 13 medical socks, 28 of 30 antiembolism stockings, and 1 ace bandage.
[4] If Plaintiff requires relief during this pending action, he should file a separate motion for a temporary restraining order and/or preliminary injunction under Rule 65(a) or (b) of the Federal Rules of Civil Procedure describing the exact relief he needs and the facts that support his request for relief.

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[5]

### Count 1

Claims asserted under the Rehabilitation Act and ADA are functionally identical. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). Under both statutes, Plaintiff must allege that "(1) he is a qualified person (2) with a disability and (3) the [state agency] denied him access to a program or activity because of his disability." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). Under the Rehabilitation Act, the relevant state agency must also accept federal funds, which all states do. *Jaros*, 684 F.3d at 671. Plaintiff has satisfied each of these requirements at screening. However, he can only obtain one recovery. Because the Rehabilitation Act avoids "thorny question[s] of sovereign immunity," the Court will dispense with the ADA claim and allow Plaintiff to proceed under the Rehabilitation Act. *Id*. at 672,

Further, this claim will proceed only against Warden Kink, in his official capacity. *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303,* 783 F.3d 634, 644 (7th Cir. 2015) (only proper defendant for a claim under either Act is the state agency or state official acting in his or her official capacity). Because individual employees of the state agency are not amenable to suit under either Act, this claim will be dismissed with prejudice against all other defendants. *See* 29 U.S.C. § 794(b); 42 U.S.C. § 13121; *Jaros*, 684 F.3d at 670.

### Count 2

The Eighth Amendment prohibits the cruel and unusual punishment of incarcerated persons. U.S. CONST., amend. VIII. An Eighth Amendment medical claim has an objective and a

---

[5] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

subjective component. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). The objective component requires an inmate to demonstrate that his medical condition is "objectively, sufficiently serious," which Plaintiff has demonstrated with respect to his diabetes and related conditions (*e.g.*, leg amputation, blood clots, incontinence, vision and hearing impairments). *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component requires an inmate to demonstrate that prison officials acted with deliberate indifference to his serious medical needs, which occurs when officials "know of and disregard an excessive risk to inmate health." *Greeno*, 414 F.3d at 653. The First Amended Complaint suggests that each defendant may have responded with deliberate indifference by denying Plaintiff medication, medical care, and/or medical permits at Lawrence. As such, Count 2 survives screening against all of the defendants.

## Count 3

To state a claim under the Fourteenth Amendment Due Process Clause, Plaintiff must establish a deprivation of liberty or property without due process of law. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). But a civil rights claim is foreclosed, if the state provides an adequate post-deprivation remedy. *Id*. at 530-36. The Seventh Circuit has found that Illinois provides an adequate remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) ("A prisoner has adequate process where an adequate post-deprivation remedy is available to redress unauthorized confiscations of property."). Therefore, Count 3 shall be dismissed without prejudice to Plaintiff pursuing relief in the Illinois Court of Claims.

### Identification of Unknown Defendants

Plaintiff will be allowed to proceed with Count 2 against John Doe 1 (nursing director), John Doe 2 (nurse practitioner), and John Doe 3 (grievance officer). However, these unknown defendants must be identified before service of the First Amended Complaint can be made on them. Therefore, Plaintiff will have an opportunity to engage in limited discovery to ascertain the identity of each individual. *Rodriguez*, 577 F.3d at 832. Warden Kink (official capacity) will be responsible for responding to discovery aimed at identifying the unknown defendants. FED. R. CIV. P. 21. Once identified, Plaintiff shall file a motion to substitute each newly-identified defendant in place of the generic designations in the case caption and First Amended Complaint.

### Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 6) is **DENIED** without prejudice. A district court faced with a request for counsel must consider whether the indigent plaintiff made a reasonable attempt to obtain counsel and, if so, whether the plaintiff appears competent to litigate the case himself. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff describes a single letter that he sent to an attorney and indicates that he received no response before filing the instant motion. Further, he has demonstrated an ability to prepare and file pleadings, coherently articulate his claims, and meet litigation deadlines in this case. He identifies no other impediments to *pro se* litigation (*e.g.*, educational, medical, mental health, or otherwise). The motion is therefore denied.

### Disposition

**IT IS ORDERED** that **COUNT 1** will proceed against Defendant **KINK**, in his official capacity. However, this claim is **DISMISSED** with prejudice against Defendant Kink, in his individual capacity, and all other defendants, in their individual and official capacities, for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 2** will proceed against all defendants at this time.

**IT IS ORDERED** that **COUNT 3** is **DISMISSED** without prejudice to any claim Plaintiff wishes to pursue in the Illinois Court of Claims against the defendants.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **KINK, GOINS, BROOKHART, CUNNINGHAM, ARMAD,** and **JOHN DOES 1-3** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that service shall not be made on John Does 1-3 until Plaintiff identifies them by name in a motion for substitution. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses of these individuals.

**IT IS FURTHER ORDERED** that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ALSO ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even if his *in forma pauperis* application was granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 8, 2019**

s/ STACI M. YANDLE
**District Judge**
**United States District Court**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**