# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES ROBERTS, #Y29223, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18−cv−2112−SMY ) |
| KEVIN KINK, ASSISTANT WARDEN GOINS, BROOKHART, LORIE CUNNINGHAM, DR. ARMAD, JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for consideration of Plaintiff James Roberts' Motion for Preliminary Injunction (Doc. 65). Plaintiff is a 70-year-old diabetic inmate who is wheelchair-bound due to a left leg amputation. (Doc. 4, pp. 6-10, 15-105). He claims conditions at Lawrence Correctional Center ("Lawrence") have led to uncontrolled diabetes that now pose a serious threat to his remaining leg. (Doc. 65, p. 2). Plaintiff seeks the following injunctive relief: (1) properly fitting anti-embolism stockings (TED hose) as prescribed by a doctor; (2) a means of elevating his right leg; (3) placement in Lawrence's medical unit or assignment of an ADA attendant; (4) regular monitoring by a physician and compliance with the recommended treatment plan; (5) access to prescribed food trays and/or a reasonable diet; and (6) physician-ordered physical therapy and/or access to exercise opportunities.

1

(*See* Doc. 65, p. 2). Defendants filed Responses to Plaintiff's Motion on October 22 and 29, 2019. (Docs. 80, 81, and 84). The Court held a hearing on the Motion on November 6, 2019 and heard testimony from Plaintiff, Joann Reagan (nurse/consultant), and Dr. Pittman (Lawrence physician).[1] Based on the written submissions and testimony presented, the Court finds that preliminary injunctive relief is warranted as set forth below.

## Discussion

To obtain a preliminary injunction, a plaintiff must demonstrate that (1) his underlying case has some likelihood of success on the merits; (2) he has no adequate remedy at law; and (3) he will suffer irreparable harm without the relief. *See Hoban v. Wexford Health Sources, Inc.*, 731 F. App'x 530, 532 (7th Cir. 2018); *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014). Once this burden is met, the Court must weigh the "balance of harm to the parties if the injunction is granted or denied and evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013).

This action involves: (1) a Rehabilitation Act claim against Warden Kink (official capacity claim)[2] for failing to meet Plaintiff's disability-related needs; and (2) an Eighth Amendment medical deliberate indifference claim against all defendants (individual capacity claim) for denying Plaintiff medical care, medication, and permits for his serious medical conditions. To satisfy this first requirement, Plaintiff must only demonstrate a "better than negligible" chance of succeeding on the merits of his claims, and he has made this showing. *Valencia v. City of Springfield, Ill.*, 883 F.3d 959, 966 (7th Cir. 2018).

---

[1] Plaintiff called Nurse Reagan to testify on his behalf and Defendants called Dr. Pittman.
[2] Warden Kink has been replaced by Acting Warden Deanna Brookhart. By separate order, the Acting Warden will be added as a defendant in her official capacity only and will be responsible for carrying out any injunctive relief that is ordered.

Further, the testimony and evidence show that Plaintiff faces a serious risk of irreparable harm and has no other adequate remedy at law. Plaintiff has already lost one leg to diabetes and his remaining leg is now at risk for amputation. To manage his diabetes, he requires regular medical care, a special diet, prescription medication (including insulin), antiembolism stockings (TED hose), exercise or physical therapy, and a means to elevate his leg. However, the evidence currently on record suggests that severe staffing shortages at Lawrence have resulted in the ongoing delay or outright denial of medical care, including Plaintiff's twice-daily access to insulin and other prescription medications. He does not qualify for housing in the medical unit, and placement in 5-House provides only some relief (*e.g.*, access to an ADA attendant or a "wheelchair pusher"). Plaintiff has no access to a special diet and is left with no other choice than to consume a high-starch, high-sugar diet. He has only limited access to exercise and no physical therapy.

Plaintiff testified that prison officials have thwarted his efforts to help himself. He brought thirty pairs of TED hose to Lawrence, but they were confiscated at intake and destroyed. He has since been provided with few or no stockings that fit, and he is currently suffering from swelling and leg sores. He also used a walker to mobilize and exercise, but the walker was also taken from him. Plaintiff also testified that he is confined to a wheelchair, unnecessarily and involuntarily. He purchased or acquired extra pillows to elevate his one remaining leg in order to prevent swelling, but the pillows were also confiscated.[3]

By all indications, Plaintiff's condition is deteriorating. During his recent placement in disciplinary segregation in the late summer, Plaintiff's blood sugar levels reached above 500 mg/dL, which are well above the 80-120 mg/dL he indicated was the normal range. At the hearing,

---

[3] The Court finds Defendants' suggestion that Plaintiff simply fold his mattress in half to elevate his leg ridiculous. He is a 6'8" wheelchair-bound amputee.

3

Plaintiff and Dr. Pittman testified that his blood sugar levels were still above 300 mg/dL. Nurse Reagan testified that Plaintiff's A1C[4] levels have consistently trended upward during his incarceration at Lawrence and indicate overall poor management of his diabetes. Dr. Pittman agreed that Plaintiff's diabetes is not under control at this time and that his one remaining leg is now at risk of amputation. Given the testimony and evidence presented, the Court finds that Plaintiff will suffer irreparable harm if preliminary injunctive is denied.

A preliminary injunction is considered an "extraordinary remedy" and should not be granted unless the movant carries the burden of persuasion "by a clear showing." *Chicago Dist. Council of Carpenters Pension Fund v. K & I Constr., Inc.*, 270 F.3d 1060, 1064 (7th Cir. 2001) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)). And the Court acts with great hesitation in matters of prison administration and medical judgment of institutional providers. That said, based on the evidence presented, this case clearly demands the Court's intervention and the issuance of a preliminary injunction at this time.

## **PRELIMINARY INJUNCTION**

Pursuant to Federal Rules of Civil Procedure 65(a) and (d), **DEFENDANTS ARE HEREBY ORDERED** to arrange a medical evaluation of Plaintiff's diabetes and related health issues with an outside physician; said appointment to take place within **thirty (30) days** of the date of this Order.

**DEFENDANTS ARE ORDERED** to file a written notice advising the Court of the date and time of Plaintiff's appointment once arranged; Defendants shall advise the Court in the event

---

[4] The A1C test is a blood test used to diagnose and monitor type 1 and type 2 diabetes. *See* https://www.mayoclinic.org/tests-procedures/a1c-test/. The test reflects an individual's average blood sugar levels over the course of 2 or 3 months. Nurse Reagan testified that Plaintiff's A1C levels should remain under 5 or 6 (or 7 according to the institution), but his levels have steadily risen (*i.e.*, from 8 to 9 to 11 and beyond) well above the recommended range of less than 5 or 6.

of any change in the appointment date or time, indicating all steps taken to reschedule the appointment (with the same or alternative provider) and all steps taken to ensure compliance with this Order.

**DEFENDANTS ARE ORDERED** to timely comply with any treatment plan recommended by the outside physician.

**DEFENDANTS ARE ORDERED** to file a written notice within thirty (30) days after Plaintiff's appointment with the outside physician, advising the Court what, if any, diagnosis and treatment plan was recommended for Plaintiff and all steps taken to implement the plan.

**IT IS SO ORDERED.**

**DATED: December 16, 2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**